UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEXIS SANTOS,

                Plaintiff,

   v.

CAROLYN W. COLVIN, Commissioner of Social Security,

                Defendant.

Case No. 3:12-cv-05827-KLS

ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES, COSTS AND OTHER EXPENSES PURSUANT TO 28 U.S.C. § 2412

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. This matter comes before the Court on plaintiff's filing of an application for attorney fees, costs and other expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. See ECF #17. After reviewing plaintiff's application, defendant's response to that application, plaintiff's reply thereto, and the remaining record, the Court finds that for the reasons set forth below plaintiff's application should be granted.

FACTUAL AND PROCEDURAL HISTORY

On September 13, 2012, plaintiff filed a complaint in this Court seeking judicial review of defendant's decision to deny his application for disability insurance benefits. See ECF #1. In his opening brief, plaintiff argued defendant's decision should be reversed and remand for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ

ORDER - 1

erred:

(1) in finding plaintiff's hypertension and sleep apnea were not severe impairments;

(2) in evaluating the opinions of Gary Gaffield, D.O., James Parker, M.D., and Kristine S. Harrison, Psy.D.;

(3) in discounting plaintiff's credibility;

(4) in failing to adopt all of the mental limitations found by Michael L. Brown, Ph.D., Patricia Kraft, Ph.D., and Leslie Postovoit, Ph.D., in assessing plaintiff's residual functional capacity ("RFC");

(5) in failing to resolve the inconsistency between the vocational expert's testimony identifying the jobs of laundry worker, warehouse laborer, mailroom clerk, and office helper that could be performed and the descriptions of those jobs contained in the Dictionary of Occupational Titles with respect to the limitation to simple, repetitive work assessed by the ALJ; and

(6) in failing to consider the vocational impact of the need to accommodate plaintiff's use of a service dog.

See ECF #15; see also ECF #12. On September 12, 2013, the Court issued an order reversing and remanding defendant's decision to deny benefits for further administrative proceedings, agreeing that the ALJ erred: (a) by failing to properly take into consideration all of the mental limitations found by Drs. Brown, Kraft and Postovoit in assessing plaintiff's RFC; (b) by failing to properly consider the vocational impact of plaintiff's use of a service dog; and (c) in finding plaintiff to be capable of performing the job of mailroom clerk. See ECF #15.

On December 10, 2013, plaintiff filed her application for attorney fees, costs and expenses pursuant to the EAJA, requesting attorney fees in the amount of $6,377.00, costs in the amount of $350.00 and other expenses in the amount of $17.85. See ECF #17. On December 23, 2013, defendant filed her response to plaintiff's application, arguing plaintiff's application should be denied on the basis that the government's position was substantially justified. See ECF

ORDER - 2

#20.  As plaintiff has filed her reply to defendant's response (see ECF #21), plaintiff's application is now ripe for the Court's review.

## DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Thus, to be eligible for attorney fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust.  Commissioner, Immigration and Naturalization Service v. Jean, 496 U.S. 154, 158 (1990).

In Social Security disability cases, "[a] plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees."  Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002) (citing Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993).[1]  Such a

---

[1] Section 405(g) of Title 42 of the United States Code "authorizes district courts to review administrative decisions in Social Security benefit cases." Id., 296 F.3d at 854.  Sentence four and sentence six of Section 405(g) "set forth the exclusive methods by which district courts may remand [a case] to the Commissioner." Id.  "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991); see also Akopyan, 296 F.3d at 854 (sentence four remand is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits.")  A remand under sentence four thus "becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." Akopyan, 296 F.3d at 854.  A sentence six remand, on the other hand, "may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." Id.  Accordingly, "[u]nlike sentence four remands, sentence six remands do not constitute final judgments." Id. at 855.  Instead, "'[i]n sentence six cases, the filing period [for motions for EAJA attorney's fees] does not begin until after

ORDER - 3

plaintiff is considered a prevailing party even when the case is remanded for further administrative proceedings. Id. There is no issue here as to whether plaintiff is a prevailing party given that as discussed above, defendant's decision to deny benefits was reversed and this case was remanded for further administrative proceedings. In addition, defendant does not argue that the amount of attorney fees, costs and other expenses are unreasonable or that there are special circumstances making an award of attorney's fees unjust.

I. Substantial Justification

As noted above, to be entitled to attorney fees under the EAJA, defendant's position must not be "substantially justified." Jean, 496 U.S. at 158. Normally, for defendant's position to be "substantially justified," this requires an inquiry into whether defendant's conduct was "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person" – and "had a 'reasonable basis both in law and fact.'" Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)); Penrod v. Apfel, 54 F.Supp.2d 961, 964 (D. Ariz. 1999) (citing Pierce, 487 U.S. at 565); see also Jean, 496 U.S. at 158 n.6; Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995). As such, this "does not mean 'justified to a high degree.'" Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting Pierce, 487 U.S. at 565). On the other hand, "the test" for substantial justification "must be more than mere reasonableness." Kali v. Bowen, 854 F.2d 329, 331 (9th Cir. 1988).

Defendant has the burden of establishing substantial justification. See Gutierrez, 274 F.3d at 1258. Defendant's position must be "*as a whole*, substantially justified." Gutierrez, 274 F.3d at 1258-59 (emphasis in original). That position also "must be 'substantially justified' at 'each stage of the proceedings.'" Corbin, 149 F.3d at 1052 ("Whether the claimant is ultimately found

---

the postremand proceedings are completed, the Commissioner returns to court, the court enters a final judgment, and the appeal period runs.'" Id. (citing Melkonyan, 501 U.S. at 102).

ORDER - 4

to be disabled or not, the government's position at each [discrete] stage [in question] must be 'substantially justified.'") (citations omitted); see also Hardisty v. Astrue, 592 F.3d 1072, 1078 (9th Cir. 2010) ("[D]istrict courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination was substantially justified."). Accordingly, the government must establish that it was substantially justified both in terms of "the underlying conduct of the ALJ" and that "its litigation position defending the ALJ's error." Gutierrez, 274 F.3d at 1259. As the Ninth Circuit further explained:

> The plain language of the EAJA states that the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *Jean*, 496 U.S. at 159, 110 S.Ct. 2316 (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions"). Thus we "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

Id.; see also Kali, 854 F.2d at 332 (noting government's position is analyzed under "totality of the circumstances" test)[2]; Thomas v. Peterson, 841 F.2d 332, 334-35 (9th Cir. 1988). Indeed, the Ninth Circuit has explicitly stated that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying decision would not." Sampson, 103 F.3d at 922 (quoting Flores, 49 F.3d at 570 n.11).

The EAJA creates "a presumption that fees will be awarded unless the government's position was substantially justified." Thomas, 841 F.2d at 335; see also Flores, 49 F.3d at 569

---

[2] As the Ninth Circuit put it in a later case: "[i]n evaluating the government's position to determine whether it was substantially justified, we look to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation." Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996).

ORDER - 5

(noting that as prevailing party, plaintiff was entitled to attorney's fees unless government could show its position in regard to issue on which court based its remand was substantially justified). Further, while "[t]he government's failure to prevail does not raise a presumption that its position was not substantially justified," a district court's "holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified." Meier v. Colvin, 727 F.3d 867, 872 (9th Cir. 2012) (quoting Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) ("[I]t will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'") (citation omitted)); Kali, 854 F.2d at 332, 334; Thomas, 841 F.2d at 335.[3]

---

[3] Although defendant notes the Ninth Circuit's holding in Meier, she cites Campbell v. Astrue, 736 F.3d 867 (9th Cir. 2013), for the proposition that "[b]ecause reasonable minds can disagree about whether substantial evidence supports an agency's decision, the government's position can be substantially justified even if the court has found it was not supported by substantial evidence." ECF #20, p. 2. It is true that the Ninth Circuit in Campbell did find the government's position to be substantially justified even though the ALJ in that case "failed to offer specific reasons supported by substantial evidence for rejecting a treating physician's opinion." 736 F.3d at 868-69. However, the Court of Appeals clearly noted the limited nature of its holding in that case:

> The dissent acknowledges that "in *Meier*, the question was whether the applicant was presently disabled, whereas here, the question was whether Campbell was disabled on the last date insured." Dissent at 870. While this circuit has been clear that when an agency's decision is unsupported by substantial evidence it is a strong indication that the position of the United States is not substantially justified, this circuit has never stated that *every* time this court reverses and remands the ALJ's decision for lack of substantial evidence the claimant should be awarded attorney's fees.
>
> The difference between examining current medical records to make a decision about a present condition and extrapolating from medical records to make a decision about a past condition distinguishes this case from Meier. The instant case is one of the "unusual" cases where attorneys' fees should not be awarded under the EAJA. In this case there was not enough evidence to uphold a decision, but enough to find the government's position was substantially justified.

736 F.3d at 869 (emphasis in original). In further distinguishing the facts in Campbell from those in Meier, the Ninth Circuit noted:

> While Meier and the instant case are similar, in Meier, the claimant relied on his own testimony, and a physician's testimony, that he was *presently* disabled. Here, the ALJ had to determine whether Campbell was disabled in the past. In this case, the ALJ had to determine whether Campbell's multiple sclerosis rendered her disabled by June 30, 1996. The ALJ did not have any records from 1996 to examine. Instead, the ALJ had medical records from 1989

ORDER - 6

Defendant argues the government was substantially justified in defending the errors the Court found the ALJ committed, because the issues upon which this matter was reversed and remanded had a reasonable basis in both law and fact. The Court disagrees. Substantial justification will not be found where the government defends "on appeal . . . 'basic and fundamental' procedural mistakes made by the ALJ." Lewis v. Barnhart, 281 F.3d 1081, 1085 (9th Cir. 2002) (quoting Corbin, 149 F.3d at 1053). In Corbin, the Ninth Circuit found "the failure to make [specific] findings" and "weigh evidence" to be "serious" procedural errors, making it "difficult to justify" the government's position on appeal in that case. Corbin, 149 F.3d at 1053. In Shafer v. Astrue, 518 F.3d 1067, 1072 (9th Cir. 2008), the Ninth Circuit found the ALJ "committed the same fundamental procedural errors" noted in Corbin in failing "to provide clear and convincing reasons for discrediting [the claimant's] subjective complaints," and "to make any findings regarding" the diagnosis of a non-examining medical expert. The Court of Appeals went on to find the ALJ committed additional procedural errors not present in Corbin, including rejecting "a treating physician's opinion in favor of a non-treating physician's opinion without providing clear and convincing reasons." Id.

The errors committed by the ALJ in this case are of a similar nature to those pointed out in Corbin and Shafer. In reversing and remanding this matter, the Court noted that the ALJ had failed to properly consider all of the mental functional limitations found by Drs. Brown, Kraft

---

and 2000. The ALJ also had to consider circumstantial evidence that Campbell cared for her children and worked during that time, which justified doubts that Campbell was fully disabled. While the ALJ erred in her determination, the fact that she was trying to extrapolate what Campbell's injury may have been in 1996 from other evidence regarding a disease which may worsen at varying rates leads this court to conclude that the ALJ's decision was "substantially justified."

Id. at 868-69 (emphasis in original). The factual situation in this case, though, is much more like the situation the Ninth Circuit faced in Meier than it did in Campbell, and therefore the type of "unusual" case Campbell presented, thereby warranting a finding of substantial justification, is not present here.

ORDER - 7

and Postovoit, including her failure to address at all the need to adjust to well introduced changes assessed by the latter two psychologists. See ECF #15, p. 6. Nor did the ALJ properly take into account the vocationally relevant evidence concerning the need for a service dog, which potentially could preclude all three jobs identified by the vocational expert. Lastly, the record showed that given the ALJ's own RFC assessment one of those jobs would be eliminated due to its required reasoning level. See id. at p. 10, n.4. Such failure to provide specific and legitimate reasons for rejecting the above evidence is the type of "basic and fundamental" error that makes it difficult to justify substantial justification on the government's part in this case. Lewis, 281 F.3d at 1085; Corbin, 149 F.3d at 1053; see also Shafer, 518 F.3d at 1072. The Court, therefore, declines to find defendant's position to be substantially justified here.

## CONCLUSION

For all of the foregoing reasons, plaintiff's application for attorney's fees, costs and expenses pursuant to the EAJA (see ECF #17) hereby is GRANTED. Plaintiff is awarded attorney's fees in the amount of $6,377, costs in the amount of $350.00, and other expenses in the amount of $17.85, to be paid in the following manner:

(1) Subject to any offset allowed under the Treasury Offset Program, as discussed in Astrue v. Ratliff, 130 S. Ct. 2521, 560 U.S. ___ (2010), payment of this award shall be sent to plaintiff's attorney.

(2) After the Court issues this Order, defendant will consider the matter of plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney. Pursuant to Astrue v. Ratliff, the ability to honor the assignment will depend on whether the EAJA fees and expenses are subject to any offset allowed under the Treasury Offset Program. Defendant agrees to contact the Department of Treasury after this Order is entered to

determine whether the EAJA attorney fees and expenses are subject to any offset. If the EAJA attorney fees and expenses are not subject to any offset, those fees and expenses will be paid directly to plaintiff's attorney.

DATED this 9th day of January, 2014.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 9